## NATIONAL BROADCASTING COMPANY, INC., Plaintiff,

v.

**Dolores COLBURG, in her official capacity as Commissioner of Political Practices for the State of Montana, and Michael Greely, in his official capacity as Attorney General of the State of Montana, Defendants.**

No. CV 88–44–H–CCL.

United States District Court,
D. Montana,
Helena Division.

June 3, 1988.

On Motion For Judgment on the
Pleadings Nov. 3, 1988.

Sidney R. Thomas, Moulton, Bellingham, Longo & Mather, Billings, Mont., Floyd

Abrams, Susan Buckley, Cahill, Gordon & Reindel, New York City, for plaintiff.

Michael Greely, Atty. Gen., Patricia Schaeffer, Helena, Mont., for defendants.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

Plaintiff ("NBC") complains of the constitutional invalidity of that portion of Montana Code Annotated § 13–35–211(3) * which prohibits any person within 200 feet of any building in which an election is being held from asking voters for whom they voted. The statute is assailed as a content-based prohibition violating the first and fourteenth amendments. NBC's complaint, however, does not extend to enforcement of the prohibition inside the polling place.

Defendants contend that Montana has a compelling interest in protecting the right to vote and in preserving decorum, order, dignity, and sanctity of the polling place which justifies the statutory prohibition, but if the statute falls, the court should preserve the exterior limitation to at least a radius of 25 feet outside the actual polling place structures.

The matter, having been heard, is before the court on NBC's motion for preliminary injunction. To prevail NBC must show (1) probable success on the merits, (2) possible irreparable injury, and (3) a public interest favoring plaintiff. *Caribbean Marine Services Co. v. Baldrige,* 844 F.2d 668 (9th Cir.1988).

▇▇▇▇ I find the statute to be content-based in that it does not prohibit all questions—only those relating to how voters actually voted. A content-based statute regulating free speech in public areas can only survive if it is narrowly tailored to accomplish a compelling governmental interest and is the least restrictive means available. *Daily Herald Co. v. Munro,* 838 F.2d 380, 385 (9th Cir.1988). I find this section fails that test and instead is seem-ingly a broadside attack upon significant, traditional, and cherished first amendment freedoms. Neither congress (first amendment) nor any state (fourteenth amendment) may make any law ... "abridging the freedom of speech." Free discussion of governmental affairs is clearly protected as political speech. Gathering and dissemination of information concerning why and how people vote constitutes speech which is protected by the first amendment.

It is said that the statute validly protects voters' rights to privacy, but that isn't true. The right of privacy is maintained by those desiring it simply by refusing to discuss how or why they voted.

I conclude (1) that NBC has met its burden under *Caribbean,* supra, that Plaintiff will likely prevail on the merits and irreparable injury is imminent entitling NBC to the preliminary injunction herein sought; (2) that the Montana statute at this time and on this record is not infirm insofar as it imposes its prohibitions within the exterior boundaries of the polling place structures; and (3) that I should and do decline Defendants' invitation to substitute my judgment for that of the Montana Legislature by creating a 25 foot zone outside the polling place, since it is not for this federal court to usurp that state power.

A like result has been reached in similar cases elsewhere. *See Daily Herald v. Munro,* supra; *CBS Inc. v. Smith,* 681 F.Supp. 794 (S.D.Fla.1988).

Accordingly, IT IS ORDERED that NBC's motion is granted, and the preliminary injunction will issue forthwith. The clerk will likewise forthwith notify counsel of the entry hereof and issuance of the court's preliminary injunction.

IT IS FURTHER ORDERED that copies of this order and the court's preliminary injunction shall immediately be served personally upon Defendants by the United States Marshal Service and that the Marshal personally advise the court when such service has been effected.

---

* "(3) No person within a polling place or any building in which an election is being held or within 200 feet thereof may solicit from an elector, before or after he has marked his ballot and returned it to an election judge, information as to whether the elector intends to vote or has voted for or against a candidate or ballot issue."

## ON MOTION FOR JUDGMENT ON THE PLEADINGS

Before this court is Plaintiff's motion for judgment on the pleadings. The motion has been briefed and the court now rules on the motion.

 Plaintiff filed the complaint in this matter alleging that to the extent Montana Code Annotated, Section 13–35–211(3) prohibits the conduct of exit polls within 200 feet of polling places, it violates the First Amendment to the United States Constitution. Plaintiff also alleged that, because the statute prohibits the asking of certain questions within 200 feet of polling places while permitting other kinds of communications within those same areas, it impermissibly discriminates between types of expression in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution. Plaintiff does not challenge that part of the statute prohibiting polling within the exterior boundaries of a polling place.

Upon motion of Plaintiff and after a hearing by the court, a preliminary injunction order was entered preliminarily enjoining the enforcement of Montana Code Annotated § 13–25–211(3) "outside the exterior walls of any polling place in which an election is being held." The court issued the preliminary injunction upon a finding that the statute was content-based and an impermissible regulation of political speech. The court incorporates by reference its memorandum and order in this case dated June 2, 1988.

Defendants subsequently filed their answer admitting that the language "or within 200 feet thereof" rendered the statute unconstitutional and prayed that the court sever that language from the statute preserving the remainder which is constitutionally sound.

Plaintiff moves this court for a judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). Defendants have admitted the facts essential for final judgment, agreeing that the portion of the statute in question is an impermissible regulation of political speech in violation of the First Amendment as alleged in Count I. The court does not reach the allegations of Count II of the complaint. Therefore,

IT IS HEREBY ORDERED that Plaintiff's motion for judgment on the pleadings is GRANTED. Final judgment shall enter for Plaintiff and against Defendants. The court declares Montana Code Annotated, Section 13–35–211(3) unconstitutional only to the extent that it prohibits the conduct of exit polls within 200 feet of Montana polling places and permanently enjoins its enforcement to that extent.

The parties shall pay their own costs and attorney's fees.

The clerk is directed forthwith to notify counsel of entry of this order and to enter judgment accordingly.