**NATIONAL RIGHT TO LIFE PO-LITICAL ACTION COMMIT-TEE, Plaintiff,**

v.

**Mike McGRATH, in his official capacity as County Attorney for Lewis and Clark County, Montana, and as a representative of the class of County Attorneys in the State of Montana; and Ed Argenbright, in his official capacity as Commissioner of Political Practices for the State of Montana, Defendants.**

**No. CV 96–85–H–CCL.**

United States District Court, D. Montana, Helena Division.

Oct. 17, 1997.

James M. Scheier, W. D. Hutchison, Office of the Atty. General, Helena, MT, for Defendants.

## ORDER

LOVELL, District Judge.

This matter came on for hearing on September 23, 1997 on Plaintiff's and Defendants' cross motions for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. Upon consideration of the arguments, the motions and the briefs submitted herein, the court is prepared to rule on the cross motions.

## ISSUE

The issue before the court is whether Montana Code Annotated § 13–35–233 violates the United States Constitution under the First Amendment as applied to the States through the Fourteenth Amendment.

## BACKGROUND

On November 5, 1997, the day of the general election, National Right to Life Political Action Committee ("NRLPAC") engaged in a telephonic campaign to influence potential voters in Montana expressly to vote for political candidates Dennis Rehberg and Rick Hill. NRLPAC's political message stated:

> Hello. I'm calling from National Right to Life PAC to ask you to vote for Dennis Rehberg and Rick Hill. Max Baucus and Bill Yellowtail support abortion on demand, and they would allow unrestricted partial-birth abortions to continue. Dennis Rehberg and Rick Hill oppose abortion on demand and oppose partial birth [sic] abortions. Dennis Rehberg and Rick Hill oppose tax funding of abortion. Please vote Tuesday, and for the children's sake, vote for Dennis Rehberg for Senate and Rick Hill for Congress.

(Joint Stipulation of Facts, March 14, 1997).

While the calling program was in progress,[1] Defendant Ed Argenbright telephoned Ms. Heather Clapsaddle, an agent and employee of NRLPAC, and told her that the ongoing political calls were illegal under Montana law, specifically sections 13–35–211 and 13–35–233 of the Montana Code Annotated. Ms. Clapsaddle immediately notified the executive director of NRLPAC about Defendant Argenbright's call, and shortly thereafter during a second telephone conversation between Defendant Argenbright and Ms. Clapsaddle, Defendant was informed that

---

1. The telephone calls were actually placed by "Infocision," the telemarketing company hired by NRLPAC to deliver the "advertisement" message to potential voters.

NRLPAC had ceased making said calls. Approximately eighty percent of the intended audience had been contacted at the time the calls were stopped. The parties agree that the calls in question constituted "advertisements" for the purpose of the prohibition set forth in section 13–35–233.

Plaintiff filed its complaint on November 22, 1996, requesting declaratory and injunctive relief. On March 26, 1997 Defendants filed their motion for summary judgment (amended March 27, 1997), and Plaintiff's summary judgment motion was filed on March 28, 1997.

### DISCUSSION

The court has jurisdiction over this case under 28 U.S.C. §§ 1331 and 1343(a), as Plaintiff's claims challenging Mont.Code Ann. § 13–35–233 arise under the Constitution of the United States, in particular, the First and Fourteenth Amendments.

Under Rule 56(b) of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to prevail as a matter of law. Fed.R.Civ.P. 56(b); *Anderson v. Liberty Lobby. Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The parties agree that there are no genuine issues of material facts and that the matter is ripe for resolution by summary judgment. The only issue is whether Montana Code Annotated § 13–35–233 violates Plaintiff's rights secured under the First and Fourteenth Amendments to the United States Constitution.

This case arises from the State of Montana's enforcement of Mont.Code Ann. § 13–35–233, which provides:

**Solicitation of votes on election day.** (1) It is unlawful for a person or a political committee to place an advertisement supporting or opposing a candidate or a ballot issue for use on election day. Failure to remove billboards, yard signs, or posters on election day is not considered a violation. (2) A person convicted of solicitation of votes on election day is guilty of a misdemeanor and shall be imprisoned in the county jail for a term not to exceed 6 months or be fined not to exceed $1,000, or both.

Mont.Code Ann. § 13–35–233 (1995). Plaintiff contends that section 13–35–233 is an unconstitutional restriction on its freedom of speech protected under the First Amendment—that it is unconstitutional both on its face and as applied to NRLPAC. Alternatively, Plaintiff argues that said statute is unconstitutionally vague. Plaintiff describes its actions as political speech, including that expressed in the form of independent expenditures.

Defendants argue that any impact section 13–35–233 may have on an individual's constitutional rights to freedom of speech and association is justified by the State's compelling interest in regulating elections and that the regulation at issue is narrowly tailored to serve the government interest involved. Specifically, Defendants argue that the State has a compelling interest in preserving the integrity of its voting place and protecting the voters from the "distraction and interference of political operatives who would attempt to persuade, intimidate, or otherwise influence voters on this most crucial of days." (Def.S.J.Mot. p. 6).

When a state law places content-based restrictions on political speech, the statute must be subject to exacting scrutiny; that is, "it can survive constitutional scrutiny only if the State shows that it advances a compelling state interest and is narrowly tailored to serve that interest." *Eu v. San Francisco County Democratic Central Comm.,* 489 U.S. 214, 222, 109 S.Ct. 1013, 1019, 103 L.Ed.2d 271 (1989).

Under *Eu,* the first question for this court is whether the state law at issue places a burden on Plaintiff's First Amendment right to freedom of speech. The parties have stipulated and the court agrees that Mont.Code Ann. § 13–35–233 is a content-based restriction. That is, it is directed at a certain type of speech—political speech on election day thereby affecting speech that is "at the core of our electoral process and of the First Amendment freedoms." *Eu,* 489 U.S. at 222–23, 109 S.Ct. at 1020 (internal quotes omitted). The First Amendment "has

its 'fullest and most urgent application' to speech uttered during a campaign for political office." *Id.* (quoting *Monitor Patriot Co. v. Roy,* 401 U.S. 265, 272, 91 S.Ct. 621, 625–26, 28 L.Ed.2d 35 (1971)). Undeniably, section 13–35–233 places a burden on Plaintiff's right to freedom of speech on election day.

■ Because the statute burdens the right to free speech, it can survive only if it both serves a compelling governmental interest and is sufficiently narrowly tailored. *Eu,* 489 U.S. at 225, 109 S.Ct. at 1021; *see also Burson v. Freeman,* 504 U.S. 191, 112 S.Ct. 1846, 119 L.Ed.2d 5 (1992). The State bases its compelling interest in the importance of regulating elections, protecting the right to vote freely and without interference, and protecting the integrity of its elections. The Supreme Court has long recognized a state's compelling interest in regulating elections, i.e. in securing the right to vote freely and effectively. 504 U.S. at 20, 112 S.Ct. at 1725–26; *see also Mills v. Alabama,* 384 U.S. 214, 86 S.Ct. 1434, 16 L.Ed.2d 484 (1966); *Oregon v. Mitchell,* 400 U.S. 112, 91 S.Ct. 260, 27 L.Ed.2d 272 (1970). To that end, Montana has a compelling interest in regulating to prevent undue influence or intimidation on election day.

■ While a State's broad power to regulate the time, place and manner of elections clearly is recognized under the law, state election laws may be found unconstitutional if those laws interfere with a citizen's First Amendment rights. *Eu,* 489 U.S. at 222, 109 S.Ct. at 1019–20 (citations omitted); *see also Burson,* 504 U.S. at 198, 112 S.Ct. at 1851; *Tashjian v. Republican Party of Connecticut,* 479 U.S. 208, 217, 107 S.Ct. 544, 549–50, 93 L.Ed.2d 514 (1986).

In *Burson v. Freeman,* the Supreme Court considered whether a Tennessee statute prohibiting solicitation of votes and the display or distribution of campaign materials within 100 feet of the entrance to a polling place violated the First and Fourteenth Amendments. The Court found that the statute's minor geographical limitation of 100 feet did not overburden a citizen's right to political discourse when weighed against the State's compelling interest in preventing voter intimidation and election fraud. *Id.* at 210, 112

S.Ct. at 1857. That Court specifically narrowed its holding to the dimensions at issue, the 100 foot zone, and stated that a wider geographical area of restriction *may* constitute an unconstitutional burden on the freedom to engage in political discourse. *Id.*

This court also has considered the constitutionality of a geographical limitation around the polling place. *See National Broadcasting Co., Inc. v. Colburg,* 699 F.Supp. 241 (1988) [hereinafter *NBC* ]. In that case, the plaintiff challenged a Montana statute prohibiting exit polls within 200 feet of polling places. The State argued that its compelling interest in "preserving decorum, order, dignity, and sanctity of the polling place" justified the prohibition on questions concerning how a person voted. *NBC,* 699 F.Supp. at 241–42. This court found that the Montana statute was unconstitutional—that it constituted a "broadside attack upon significant, traditional, and cherished first amendment freedoms." *Id.* at 242. In striking down the Montana statute at issue in *NBC,* this court found that the State's proffered interest in protecting the polling place did not justify restrictions on gathering and disseminating information concerning why and how people vote. *Id.*

In *Mills v. Alabama,* infra, the Supreme Court differentiated between the State's power to regulate conduct in and around the polling place in the interest of maintaining order, peace and decorum and the State's interest in regulating speech carried on at a distance from the polls on election day. 384 U.S. at 218, 86 S.Ct. at 1436–37. The *Mills* Court considered the constitutionality of a law prohibiting, on election day, electioneering or solicitation of votes in support of or in opposition to any candidate or ballot proposition. The Court found that the law, as applied to a newspaper editor who published an editorial on election day urging people to vote a particular way in the election, constituted an intolerable burden on the freedom of the press. 384 U.S. at 220, 86 S.Ct. at 1437–38; *see also Gore Newspapers Co. v. Shevin,* 397 F.Supp. 1253 (S.D.Fla.1975) (applying Mills to strike down a Florida statute proscribing the distribution on election day of any writing against a candidate).

Plaintiff characterizes section 13–35–233 as falling within the scope of *Mills*, arguing that its parameters reach far beyond the traditionally protected area immediately surrounding the polling place. Defendants counter that the statute was created in response to an initiative in 1912, and that it represents the undisputed will of the Montana people. Defendants further argue that the statute places only minor restrictions on political speech—the restriction applies only on election day and only against speech which urges a voter to vote one way or the other on a candidate or issue.

◼ Any restriction on political speech is a significant burden. A state's claim "that it is enhancing the ability of its citizenry to make wise decisions by restricting the flow of information to them must be viewed with some skepticism." *Tashjian,* 479 U.S. at 221, 107 S.Ct. at 552 (quoting *Anderson v. Celebrezze,* 460 U.S. 780 798, 103 S.Ct. 1564, 1574–75, 75 L.Ed.2d 547 (1983)). Mont.Code Ann. § 13–35–233 extends the restriction normally found acceptable within narrow confines around the polling place to the broad expanse of the State of Montana. The compelling circumstances that may arise at a polling place that would discourage and dissuade voters from exercising their right to vote do not extend to the exterior boundaries of Montana. There is no evidence that Mont. Code Ann. § 13–35–233 is necessary to protect Montana voters from undue influence, fraud or intimidation on election day.

While the statute at hand differs from that considered in *NBC* in that it restricts political speech affecting persons before they place their votes instead of after, the result is the same—it is an attack on significant, traditional and cherished First Amendment freedoms. Prohibiting political advertising in its entirety on election day can not be justified by the State's generally-stated motives of: (1) preserving the integrity of the voting place; and (2) protecting the voters from distraction and interference of political operatives who would attempt to persuade, intimidate, or otherwise influence voters. First, the integrity of the voting place may be preserved by far less restrictive means than a total ban on election day advertising.

Second, it is hard to imagine a more important time for free interchange of political speech and ideas than on election day. The possibility of fraud or misinformation via paid political advertising is present on the day before election day or in the weeks or months that precede the election, just as surely as it is a possibility on election day. Consequently, Mont.Code Ann. § 13–35–233 fails to survive strict scrutiny and hereby is declared unconstitutional.

IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment is GRANTED and Defendants' motion for summary judgment is DENIED. Defendants are permanently enjoined from enforcing Montana Code Annotated § 13–35–233.

The clerk is directed forthwith to notify the parties of entry of this order.